IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| PEDRO GWON BENNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:18-CV-996-WHA |
| | ) | [WO] |
| WARDEN HENLINE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate incarcerated at the Elmore county Jail in Wetumpka, Alabama, files this 42 U.S.C. § 1983 alleging that rights, privileges, or immunities afforded him under the Constitution or laws of the United States are being abridged by the conduct and actions of Defendants. Specifically, Plaintiff challenges the conditions of confinement at the county jail and his continued incarceration despite the charges on which his bond was revoked having been no billed. Among the named defendants is Judge Sibley Reynolds. Upon review, the court concludes that dismissal of Plaintiff's claims against Defendant Reynolds prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] The court granted Plaintiff's request for leave to proceed *in forma pauperis.* Doc. 3. A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

# I. DISCUSSION

**A.    Judge Reynolds**

**1.    Damages**.

The Plaintiff was on bond for charges in Elmore County, Alabama, but, following his arrest on new charges, his bond revoked. The new charges were no billed, and Plaintiff complains Judge Reynolds is violating his constitutional rights by denying him bail. Plaintiff requests he either be released on bond or that his bond be reinstated. Doc. 1. The allegations made by Plaintiff against Judge Reynolds seek to challenge matters which emanate from actions taken by him in his judicial capacity during state court proceedings over which he had jurisdiction.

"Judges have absolute immunity from civil actions for the performance of judicial acts as long as they are not done in the clear absence of jurisdiction." *See Jenkins v. Clerk of Court*, 150 Fed. Appx. 988, 990 (11th Cir. 2005) (*citing Roland v. Phillips*, 19 F.3d 552, 555 (11th Cir. 1994)). A state court judge is, thus, entitled to absolute immunity from damages for actions taken in his official capacity, even when his actions are allegedly erroneous, malicious, or in excess of his jurisdiction. *Stump v. Sparkman*, 435 U.S. 349 (1978); *Wuyisa v. City of Miami Beach*, 614 Fed. Appx. 389, 391 (11th Cir. 2015) (*citing Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000)).

The court has reviewed Plaintiff's allegations against Judge Reynolds and find they do not compel the conclusion that this defendant acted in clear absence of jurisdiction. Accordingly, Plaintiff's claims for monetary damages against Judge Reynolds are "based on an indisputably meritless legal theory" and are, therefore, subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

2.      **Declaratory and/or Injunctive Relief**

a.  <u>**Non-Final Orders**</u>.  Plaintiff's allegations against Judge Reynolds concern rulings and/or decisions he made in his judicial capacity during state court criminal proceedings over which he had jurisdiction.  To the extent Plaintiff seeks relief from adverse decisions issued by Judge Reynolds which are not yet final, he is not entitled to relief from this court on such claims as there is an adequate remedy at law.  *Bolin*, 225 F.3d at 1242 ("In order to receive declaratory or injunctive relief, plaintiff[] must establish that there was a [constitutional] violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law.").  Specifically, Plaintiff could appeal orders issued by the state court to the appropriate higher state court.  Since state law provides an adequate remedy for Plaintiff to challenge non-final orders, Plaintiff is "not entitled to declaratory or injunctive relief in this case." *Id*. at 1243.

b.  <u>**Final Orders**</u>.  With respect to the claims presented by Plaintiff challenging the constitutionality of orders issued by Judge Reynolds which have become final in accordance with state law, this court lacks jurisdiction to render such judgment in an action filed pursuant to 42 U.S.C. § 1983.  "The *Rooker-Feldman* doctrine prevents ... lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'  *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)."  *Lance v. Dennis*, 546 U.S. 459, 460, 126 S.Ct. 1198, 1199 (2006).  Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Plaintiff from proceeding before this court as this case, with respect to any claims challenging final orders issued by a state court, is " 'brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court

proceedings commenced and inviting district court review and rejection of those judgments.' 544 U.S. at 284, 125 S.Ct. [at] 1517." *Lance*, 546 U.S. at 464, 125 S.Ct. at 1201; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (federal district courts "do not have jurisdiction ... over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."). Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court. *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (§ 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

In light of the foregoing, the court concludes that dismissal of the request for relief from final actions undertaken by Judge Reynolds during proceedings related to Plaintiff's state court criminal case is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. State of Georgia Pardons and Paroles Board*, 915 F.2d 636 (11th Cir. 1990); *Neitzke*, 490 U.S. at 327.

## B. The Challenge to Plaintiff's Detention

Plaintiff requests he be released from custody on bond. A § 1983 complaint, however, is not an appropriate remedy for obtaining such relief.  Where a prisoner is challenging the very fact or duration of his physical imprisonment and the relief sought is a determination he is entitled to immediate release or a speedier release from that imprisonment, the inmate's federal remedy is by way of a writ of habeas corpus. *See Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (habeas corpus is the exclusive remedy for prisoners attacking the validity of their conviction or confinement). When the effect of granting equitable relief under the civil rights statute would be to substitute a § 1983 action for a federal writ of habeas corpus challenging the basis for ongoing detention or for a petition under § 2254 to attack a state court conviction and/or sentence, a prisoner fails to state a

4

claim under § 1983. *See Eutzy v. Tesar*, 880 F.2d 1010, 1011 (8th Cir. 1989); *Preiser*, 411 U.S. at 500. A plaintiff, therefore, cannot seek declaratory or injunctive relief relating to his confinement or conviction in a § 1983 action. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck v. Humphrey*, 512 U.S. 477, 483-89 (1994); *Preiser*, 411 U.S. at 500; *St. Germaine v. Isenhower*, 98 F. Supp.2d 1366, 1373 (S.D. Fla. 2000).

To the extent Plaintiff seeks to mount a collateral attack on the validity of his current confinement, such is prohibited as habeas corpus is the exclusive remedy for a state prisoner who challenges the validity of the fact or duration of his confinement. *See Balisok*, 520 U.S. at 645; *Heck*, 512 U.S. at 481; *Preiser*, 411 U.S. at 488-490. Plaintiff's challenge is, therefore, subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's complaint against Defendant Sibley Reynolds be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i & iii);

2. Defendant Reynolds be terminated as a party prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i & iii);

3. Plaintiff's challenge to the validity of his current confinement be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) as such claim is not properly before the court at this time;

4. This case be REFERRED to the undersigned for further proceedings.

It is further

ORDERED that **on or before December 17, 2018**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal

conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 3rd day of December 2018.


                         /s/Charles S. Coody
                         CHARLES S. COODY
                         UNITED STATES MAGISTRATE JUDGE